# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL J. COFFEY,<br><br>    Plaintiff(s),<br><br>v.<br><br>U.S. FEDERAL GOVERNMENT, et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-01739-JAD-NJK<br><br>**REPORT AND RECOMMENDATION** |

District courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

Plaintiff in this case is suing the Government and the University of California at Santa Barbara in order to require them to "perform P38-X" as a means to reverse the human aging process. Docket No. 1-3 at 4. Plaintiff alleges that he received an ACT score of 36, "meaning the likelihood of error or incorrect information is very low." *See id.* Plaintiff also attaches what appear to be application papers for this process. *See* Docket No. 1-1. Plaintiff alleges that he brings a claim under the Fifth Amendment of the United States Constitution. *See, e.g.*, Docket No. 1-3 at 4. Plaintiff appears to seek both injunctive relief "to order the performance of P38-X," *see id.*, as well as monetary damages in the amount of 200 quintillion dollars, *see* Docket No. 1-2 (civil cover page). In light of the delusional factual scenario and nonexistent legal interest at issue, Plaintiff's complaint is appropriately dismissed.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.

Dated: October 30, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).